1
2
3
4
5
6
7

J. Scott Souders, Esq., State Bar # 069425
Kathleen Moore, Esq., State Bar # 332961
J. SCOTT SOUDERS, P.C.
881 Dover Drive, Suite 390
Newport Beach, CA 92663
Telephone: (949) 718-3574
Email: scott@scottsouders.com
       kathy@scottsouders.com

Attorneys for Defendants iStaffing, Inc., and iStaffing Partners, Inc.

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   GUADALUPE LOPEZ, individually, and on behalf of all others similarly situated; | Case No.: |
| 12                 Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)** [Federal Question] |
| 13   v. | |
| 14   ISTAFFING, INC., a California corporation; ISTAFFING PARTNERS, INC., a California corporation; and DOES 1 through 10, inclusive, | **Removed from:** Los Angeles Superior Court Case No.: 23STCV31594 |
| 15                 Defendants. | |

18
19
20

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21

    **PLEASE TAKE NOTICE** that defendants iStaffing, Inc., and iStaffing Partners, Inc.,

22

hereby removes to this Court the state court action described below.

23

    1.     On December 27, 2023, an action was commenced in the Superior Court of the

24

State of California in and for the County of Los Angeles, entitled Guadalupe Lopez, et al,

25

plaintiffs and iStaffing, Inc., and iStaffing Partners, Inc.,, et al., defendants, as case number

26

23STCV31594.  Attached hereto as **Exhibit A** is a true and correct copy of the Summons on

27

Complaint issued by the Superior Court.  Attached hereto as **Exhibit B** is a true and correct copy

28

of the Complaint filed in the Superior Court, which the current operative complaint.

2.      This case was improperly filed by plaintiff in Los Angeles County, where both the plaintiff and defendants each reside in Orange County and the dispute arose in Orange County.

3.      The first date upon which defendants iStaffing, Inc., and iStaffing Partners, Inc., received a copy of the Complaint was January 9, 2024, when defendants were served with a copy of said Complaint and Summons.  Attached hereto as **Exhibit C** is a copy of the Proof of Service filed by plaintiffs in the Superior Court as to iStaffing, Inc.    Attached hereto as **Exhibit D** is a copy of the Proof of Service filed by plaintiffs in the Superior Court as to iStaffing Partners, Inc.

4.      This action involves employment-related claims which are subject to the Federal Arbitration Act pursuant to a written arbitration agreement entered into between plaintiff and iStaffing, Inc.  Attached hereto as **Exhibit E** is a true and correct copy of this written arbitration agreement which mandates that the claims in the action be submitted to arbitration under the Federal Arbitration Act.

5.      As such, this action is one that may be removed to this Court by defendants pursuant to  9 U.S.C. § 205, and defendants are therefore not required to establish that the Complaint on its face establishes the requisite Federal question required for removal.  The agreement which applies to the claims at issue in that Complaint is sufficient to raise the Federal question.

6.      No other defendants have been named in the action or been served, and all named and served defendants hereby join with the other in this Notice of Removal.

DATED: January 26, 2024                              J. SCOTT SOUDERS, P.C.

_____
J. Scott Souders, Esq., and Kathleen Moore,
Esq., Attorneys for iStaffing, Inc.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

**EXHIBIT "A"**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

ISTAFFING, INC., a California corporation; ISTAFFING PARTNERS, INC., a California corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

GUADALUPE LOPEZ, individually, and on behalf of all others similarly situated,

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/27/2023 11:46 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles

111 N. Hill Street
Los Angeles,  CA 90012

**CASE NUMBER:**
*(Número del Caso):*

23STCV31594

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kane Moon, MOON LAW GROUP PC, 1055 W. 7th Street, Ste 1880, Los Angeles, CA 90017 (213)232-3128

DATE: 12/27/2023
*(Fecha)*

David W. Slayton, Executive Officer/Clerk of Court
Clerk, by _____, Deputy
*(Secretario)*        J. Covarrubias        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT "B"**

1   Kane Moon (SBN 249834)
        E-mail: kmoon@moonlawgroup.com
2   S. Phillip Song (SBN 326572)
        E-mail: psong@moonlawgroup.com
3   **MOON LAW GROUP, PC**
    1055 W. Seventh St., Suite 1880
4   Los Angeles, California 90017
    Telephone: (213) 232-3128
5   Facsimile: (213) 232-3125

6   Attorneys for Plaintiff Guadalupe Lopez

**Electronically FILED by
Superior Court of California,
County of Los Angeles
12/27/2023 11:46 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

                    **FOR THE COUNTY OF LOS ANGELES**

9

10  GUADALUPE LOPEZ, individually, and on       Case No.: 23STCV31594
    behalf of all others similarly situated,
11                                              **CLASS ACTION COMPLAINT:**
                    Plaintiff,
12                                              1.  Failure to Pay Minimum Wages [Cal. Lab.
                                                    Code §§ 204, 1194, 1194.2, and 1197];
13            vs.                               2.  Failure to Pay Overtime Compensation
                                                    [Cal. Lab. Code §§ 1194 and 1198];
14                                              3.  Failure to Provide Meal Periods [Cal. Lab.
    ISTAFFING, INC., a California corporation;      Code §§ 226.7, 512];
15  ISTAFFING PARTNERS, INC., a California      4.  Failure to Authorize and Permit Rest
    corporation; and DOES 1 through 10, inclusive,  Breaks [Cal. Lab. Code §§ 226.7];
16                                              5.  Failure to Indemnify Necessary Business
                    Defendants                      Expenses [Cal. Lab. Code § 2802];
17                                              6.  Failure to Timely Pay Final Wages at
                                                    Termination [Cal. Lab. Code §§ 201-203];
18                                              7.  Failure to Provide Accurate Itemized
                                                    Wage Statements [Cal. Lab. Code § 226];
19                                                  and
                                                8.  Unfair Business Practices [Cal. Bus. &
20                                                  Prof. Code §§ 17200, et seq.].

21                                              **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

_____
                    CLASS ACTION COMPLAINT

1

## <u>TABLE OF CONTENTS</u>

INTRODUCTION & PRELIMINARY STATEMENT ................................................................. 1

THE PARTIES .......................................................................................................................... 3

    A.   Plaintiff ............................................................................................................. 3

    B.   Defendants ......................................................................................................... 3

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ................................................. 4

CLASS ACTION ALLEGATIONS ........................................................................................... 7

FIRST CAUSE OF ACTION ................................................................................................... 11

SECOND CAUSE OF ACTION .............................................................................................. 13

THIRD CAUSE OF ACTION ................................................................................................. 14

FOURTH CAUSE OF ACTION .............................................................................................. 15

FIFTH CAUSE OF ACTION ................................................................................................... 16

SIXTH CAUSE OF ACTION .................................................................................................. 16

SEVENTH CAUSE OF ACTION ............................................................................................ 17

EIGHTH CAUSE OF ACTION ............................................................................................... 19

PRAYER FOR RELIEF ........................................................................................................... 22

DEMAND FOR JURY TRIAL ................................................................................................ 25

Plaintiff Guadalupe Lopez ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendants IStaffing, Inc., IStaffing Partners, Inc., and Does 1 through 10 (collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements.

2.      Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below).  The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employeeduring the statute of limitations period applicable to the claims pleaded here.

3.      Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.      Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

    (a)      Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

1

CLASS ACTION COMPLAINT

(b) Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c) Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d) Failing to indemnify employees for necessary business expenses incurred;

(e) Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f) Failing to maintain accurate records of the hours that employees worked.

(g) Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class.  Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

CLASS ACTION COMPLAINT

## THE PARTIES

### A.    Plaintiff

7.    Plaintiff is a California resident that worked for Defendants in the County of Los Angeles, State of California, as a recruiter from approximately March 2023 to October 2023.

8.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### B.    Defendants

9.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants IStaffing, Inc. and IStaffing Resources, Inc. are:

(a)    California corporations with their principal places of business in Los Angeles, California.

(b)    Business entities conducting business in numerous counties throughout the State of California, including in Los Angeles County;

(c)    The former employers of Plaintiff, and the current and/or former employers of the putative Class. Defendants suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions; and

(d)    At all times mentioned herein, Defendants are and were the joint employers of Plaintiff and the Class.

10.    Plaintiff does not currently know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.  Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of,

and/or injured a significant number of the Plaintiff and the Class in the State of California.

12.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.    Plaintiff is a California resident who worked for Defendants in the County of Los Angeles, State of California, as a recruiter during the statutory period. During the statutory period, Defendants classified Plaintiff as non-exempt from California's overtime requirements, and paid Plaintiff an hourly wage.

14.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

15.    Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Throughout

the statutory period, Plaintiff and the Class did not receive compensation for all hours worked. Plaintiff and the Class received non-discretionary bonuses, commissions, and other remuneration. However, Defendants failed to incorporate all remuneration when calculating the correct overtime rate of pay, sick day rate of pay, and meal break premium rate of pay, leading to underpayment. Also throughout the statutory period, Plaintiff and the Class were required to work "off the clock" and uncompensated. For example, Plaintiff and the Class were discouraged from entering all overtime hours worked, leading to off the clock time uncompensated. In those instances when Plaintiff and the Class worked and were permitted to input the overtime hours worked, Defendants routinely required that Plaintiff and the Class place those hours as being worked on Saturdays, so as to avoid the appearance of overtime, and to avoid the overtime compensation at a higher rate of pay. All of this led to underpayment to Plaintiff and the Class. Further, Plaintiff and the Class were often required to be on-call, but were not paid for that time, leading to off the clock work, uncompensated.

16.     Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

17.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or

without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

18.     Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement, such as the use of personal cellular telephones for work purposes.

19.     Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address). Further, the wage statements do not show Defendant's address as required by California law. As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

(a)     the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)     the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)     the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)     the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)     in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)     by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)     the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil

Procedure § 382.

21.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

22.    The proposed Class consists of and is defined as:

> All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

23.    At all material times, Plaintiff was a member of the Class.

24.    Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

25.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in

the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>: A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4) The difficulties likely to be encountered in the management of a class action.

(e) <u>Public Policy Considerations</u>: The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

26. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without

9

CLASS ACTION COMPLAINT

limitation, whether, as alleged herein, Defendants have:

(a)     Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

(b)     Failed to provide meal periods and pay meal period premium wages to Class Members;

(c)     Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d)     Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e)     Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

(f)     Failed to reimburse Class Members for all necessary business expenses; and

(g)     Violated California Business & Professions Code §§ 17200 *et. seq.* as a result of their illegal conduct as described above.

27.     This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a)     The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)     A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)     The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d)     Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate

compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)     Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)      Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2)      Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

28.     Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## **FIRST CAUSE OF ACTION**

### **(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

29.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

30.     "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

31.     At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

32.     Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

33.     By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

34.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

35.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

36.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

37.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages.  However, during all such times, Defendants

systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

38.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

39.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

40.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

41.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

42.     At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

43.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

44.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

45.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

46.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

47.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

## THIRD CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

48.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

49.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class's sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

50.     Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

51.     Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

**(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

52.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

53.     Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

54.     Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

55.     Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

1

2          **FIFTH CAUSE OF ACTION**

3     **(Against All Defendants for Failure to Indemnify Necessary Business Expenses)**

4          56.     Plaintiff incorporates by reference and re-alleges as if fully stated herein

5     paragraphs 1 through 19 in this Complaint.

6          57.     Defendants violated Labor Code section 2802 and the IWC Wage Orders, by

7     failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and

8     losses incurred in direct consequence of the discharge of their duties or of their obedience to

9     directions of Defendants.

10         58.     As a result, Plaintiff and the Class were damaged at least in the amounts of the

11    expenses they paid, or which were deducted by Defendants from their wages.

12         59.     Plaintiff and the class they represent are entitled to attorney's fees, expenses, and

13    costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section

14    2802(b).

15

16

17         **SIXTH CAUSE OF ACTION**

18    **(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time**

19                              **Penalties)**

20         60.     Plaintiff incorporates by reference and re-alleges as if fully stated herein

21    paragraphs 1 through 19 in this Complaint.

22         61.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if

23    an employer discharges an employee, the wages earned and unpaid at the time of discharge are

24    due and payable immediately, and that if an employee voluntarily leaves his or her employment,

25    his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

26    unless the employee has given seventy-two (72) hours previous notice of his or her intention to

27    quit, in which case the employee is entitled to his or her wages at the time of quitting.

28

62.     Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

63.     Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

64.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

65.     Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

66.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

### SEVENTH CAUSE OF ACTION

**(Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

67.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

68.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours

worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

69.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

70.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

71.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

72.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

73.    Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

74.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

**EIGHTH CAUSE OF ACTION**

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

75. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

76. Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

77. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

78. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

79. A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq.*

**Failure to Pay Minimum Wages**

80. Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Pay Overtime Wages**

81. Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity

prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Maintain Accurate Records of All Hours Worked

82.    Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Provide Meal Periods

83.    Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Authorize and Permit Rest Periods

84.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

### Failure to Indemnify Necessary Business Expenses

85.    Defendants' failure to indemnify employees for necessary business expenses in accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

### Failure to Provide Accurate Itemized Wage Statements

86.    Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

87.    By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

88.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

89.     Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

90.     Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

91.     Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

92.     Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

93.     Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

**PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1.      That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.      That Plaintiff be appointed as the representative of the Class; and

3.      That counsel for Plaintiff be appointed as Class Counsel.

As to the First Cause of Action

4.      That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5.      For general unpaid wages as may be appropriate;

6.      For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.      For liquidated damages;

8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.      For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11.     For general unpaid wages at overtime wage rates as may be appropriate;

12.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

California Labor Code § 1194(a); and,

14.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

15.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16.    For unpaid meal period premium wages as may be appropriate;

17.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

20.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21.    For unpaid rest period premium wages as may be appropriate;

22.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Cause of Action</u>

25.    That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the IWC Wage Orders;

26.    For general unpaid wages and reimbursement of business expenses as may be appropriate;

27.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28.    For reasonable attorneys' fees and for costs of suit incurred herein; and

CLASS ACTION COMPLAINT

29.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31.     For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

33.     For reasonable attorneys' fees and for costs of suit incurred herein; and

34.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

35.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

36.     For penalties and actual damages pursuant to California Labor Code § 226(e);

37.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

38.     For reasonable attorneys' fees and for costs of suit incurred herein; and

39.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

40.     That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

CLASS ACTION COMPLAINT

41. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

43. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

44. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

45. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

46. For any additional relief that the Court deems just and proper.

Dated: December 27, 2023     Respectfully submitted,

**MOON LAW GROUP, PC**

By: _____
   Kane Moon
   S. Phillip Song
   Attorneys for Plaintiff

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: December 27, 2023     **MOON LAW GROUP, PC**

By: _____
   Kane Moon
   S. Phillip Song
   Attorneys for Plaintiff

CLASS ACTION COMPLAINT

**EXHIBIT "C"**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kane Moon (SBN 249834)<br>S. Phillip Song (SBN 326572)<br>MOON LAW GROUP, PC<br>1055 West Seventh Street, Suite 1880   Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 232-3128 \| FAX NO. (213) 232-3125 \| E-MAIL ADDRESS kmoon@moonlawgroup.com; @moonlawgroup.com<br>ATTORNEY FOR *(Name)*: Plaintiff: GUADALUPE LOPEZ | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/17/2024 1:07 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Gnade, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF/PETITIONER: GUADALUPE LOPEZ, individually, and on behalf of all others similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ISTAFFING, INC., a California corporation; et al. | 23STCV31594 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 2271958KA |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents)*: **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION); NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; FIRST AMENDED GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKAGE**

3. a. Party served *(specify name of party as shown on documents served)*:

   **ISTAFFING, INC., a California corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **David Alexander, Agent for service of process**

4. Address where the party was served:  **1 Park Plaza**
   **Irvine, CA 92614**

5. I served the party *(check proper box)*
   a. ☐ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:     (2) at *(time)*:

   b. ☑ **by substituted service.** On *(date)*: 1/9/2024  at  *(time)*: 3:38 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   **Kaylee Mume, Secretary**

   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*: 1/9/2024  from *(city)*: **Santa Ana**     **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Plaintiff: GUADALUPE LOPEZ, individually, and on behalf of all others similarly situated

Defendant: ISTAFFING, INC., a California corporation; et al.

CASE NUMBER: 23STCV31594

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:                    (2) from  *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of  *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of  *(specify):*  **ISTAFFING, INC., a California corporation**
   under the following Code of Civil Procedure section:

   ☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                              ☐ other:

7. **Person who served papers**
   a. Name:  **Araceli Gonzalez Perez - Ace Attorney Service, Inc.**
   b. Address:  **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**
   c. Telephone number:  **(213) 623-3979**
   d. **The fee** for service was: **$ 142.00**
   e. I am:

   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ registered California process server:
       (i) ☐ owner    ☑ employee    ☐ independent contractor.
       (ii) Registration No.: **2023058923**
       (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **1/17/2024**

_____
**Araceli Gonzalez Perez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                    _____
                     (Signature - Per CC §1633.7)

**EXHIBIT "D"**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Kane Moon (SBN 249834)<br>S. Phillip Song (SBN 326572)<br>MOON LAW GROUP, PC<br>1055 West Seventh Street, Suite 1880   Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 232-3128 \| FAX NO. (213) 232-3125 \| E-MAIL ADDRESS kmoon@moonlawgroup.com; @moonlawgroup.com<br>ATTORNEY FOR *(Name):* Plaintiff: GUADALUPE LOPEZ | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/17/2024 1:07 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Gnade, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF/PETITIONER: GUADALUPE LOPEZ, individually, and on behalf of all others similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ISTAFFING, INC., a California corporation; et al. | 23STCV31594 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|
| | 2271959KA |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet
   - e. ☐ Cross-Complaint
   - f. ☑ other *(specify documents):* **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION); NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; FIRST AMENDED GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKAGE**
3. a. Party served *(specify name of party as shown on documents served):*

   **ISTAFFING PARTNERS, INC., a California corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **David Alexander, Agent for service of process**

4. Address where the party was served:  **1 Park Plaza**
   **Irvine, CA 92614**

5. I served the party *(check proper box)*
   - a. ☐ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*
   - b. ☑ **by substituted service.** On *(date):* 1/9/2024  at  *(time):* **3:38 PM**  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   **Kaylee Mume, Secretary**
     - (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.
     - (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* **1/9/2024**  from *(city):* **Santa Ana**   **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Plaintiff: GUADALUPE LOPEZ, individually, and on behalf of all others similarly situated

Defendant: ISTAFFING, INC., a California corporation; et al.

CASE NUMBER:
23STCV31594

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                        (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **ISTAFFING PARTNERS, INC., a California corporation**

under the following Code of Civil Procedure section:

☑ 416.10 (corporation)                                    ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)                          ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)          ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)                  ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                                     ☐ 415.46 (occupant)
                                                                         ☐ other:

7. **Person who served papers**

a. Name: **Araceli Gonzalez Perez - Ace Attorney Service, Inc.**

b. Address: **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**

c. Telephone number: **(213) 623-3979**

d. **The fee** for service was: **$ 92.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner   ☑ employee   ☐ independent contractor.

(ii) Registration No.: **2023058923**

(iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **1/17/2024**

_____
**Araceli Gonzalez Perez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

_____
(Signature - Per CC §1633.7)

POS-010 [Rev January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                    Page 2 of 2

POS-010/2271959

**EXHIBIT "E"**

# <u>Notice to Employees About Our Mutual Arbitration Policy</u>

iStaffing, Inc. ("the Company") has adopted and implemented a new arbitration policy, requiring mandatory, binding arbitration of all disputes, for all employees, regardless of length of service. This memorandum explains the procedures, as well as how the arbitration policy works as a whole. Please take the time to read this material. IT APPLIES TO YOU. It will govern any existing and all future disputes between you and the Company that relate in any way to your employment.

## <u>Arbitration Policy & Procedures</u>

The Company sincerely hopes that you will never have a dispute relating to your employment here. However, we recognize that disputes sometimes arise between an employer and its employees relating to the employment relationship. We also recognize that not every dispute can be successfully resolved informally. The Company believes that it is in the best interests of the employees and the Company to resolve those disputes in a forum that provides the fastest and fairest method for resolving them based on the individual facts of your situation. Therefore, the Company has adopted and implemented this Mutual Arbitration Policy ("MAP") as a mandatory condition of employment.

The MAP applies to all Company employees, regardless of length of service or status, and covers all disputes relating to or arising out of or in connection with employment at the Company or the termination of that employment, whether those disputes already exist today or arise in the future. Examples of the type of disputes or claims covered by the MAP include, but are not limited to, claims against employees for fraud, conversion, misappropriation of trade secrets, or claims by employees for wrongful termination of employment, breach of contract, fraud, employment discrimination, harassment or retaliation under the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964 and its amendments, the California Fair Employment and Housing Act or any other state or local anti-discrimination laws, tort claims, wage or overtime claims or other claims under the Labor Code, or any other legal or equitable claims and causes or action recognized by local, state or federal law or regulations. The MAP does <u>not</u> cover workers' compensation claims, unemployment insurance claims or any claims that could be made to the National Labor Relations Board. Because it changes the forum in which you may pursue claims against the Company and affects your legal rights, you may wish to review the MAP with an attorney or other advisor of your choice. The Company encourages you to do so.

<u>Your decision to accept employment or to continue employment with the Company constitutes your agreement to be bound by the MAP</u>. Likewise, the Company agrees to be bound by the MAP. This mutual obligation to arbitrate claims means that both you and the Company are bound to use the MAP as the only means of resolving any employment-related disputes covered by the policy. By agreeing to arbitrate, both you and the Company are agreeing to use procedures in arbitration that may be materially different from the procedures that would apply in court. This mutual agreement to

arbitrate claims also means that both you and the Company forego any right either may have to a jury trial on claims relating in any way to your employment. Because the arbitration proceeding will be a traditional, bilateral arbitration, it also means that both you and the Company forego and waive any right to join or consolidate claims in arbitration with others or to make collective or class claims in arbitration, unless such procedures are agreed to by both you and the Company. No substantive remedies that otherwise would be available to you individually or to the Company in a court of law, however, will be forfeited by virtue of this agreement to use and be bound by the MAP.

The MAP shall be governed solely by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* If for any reason the FAA is deemed inapplicable, only then will the MAP be governed by the applicable state arbitration statutes. The Employment Arbitration Rules of the American Arbitration Association ("AAA") in place at the time of the dispute will govern the procedures to be used in arbitration, unless you and the Company agree otherwise in writing. The current version of those Rules is available for you to review at www.adr.org and you may also request a copy from the Company.

### **What Is Arbitration?**

Arbitration is a process in which a dispute is presented to a neutral third party, the arbitrator, for a final and binding decision. The arbitrator makes this decision after both sides present their evidence and arguments at the arbitration hearing. There is no jury. If you win, you can be awarded anything you might individually have received in a court.

The arbitration process is limited to disputes, claims or controversies that a court of law would be authorized to entertain or would have jurisdiction over to grant relief and that in any way arise out of, relate to or are associated with your employment with the Company or the termination of your employment. The parties in any such arbitration will be limited to you and the Company, unless you and the Company agree otherwise in writing. An impartial and independent arbitrator, chosen by agreement of both you and the Company, will be retained to make a final decision on your dispute or claim, based on application of the facts, the Company's policies and procedures and the applicable law. The arbitrator's decision is final and binding on you and the Company.

A neutral party, the American Arbitration Association ("AAA"), runs the proceedings, which are held privately. Since 1926, AAA has handled many thousands of cases. Though arbitration is much less formal than a court trial, it is an orderly proceeding, governed by rules of procedure and legal standards of conduct. The arbitrator's responsibility is to determine whether the Company's policies and procedures and applicable law have been complied with in the matter submitted for arbitration. The arbitrator shall render a written decision on the matter within 30 days after the arbitration hearing is concluded and post-hearing briefs, if any, are submitted.

The Company and you will share the cost of the AAA's filing fee and the arbitrator's fees and costs, but your share of such fees and costs shall not exceed an amount equal to your local court civil filing fee. Except as otherwise provided by law, you and the Company will be responsible for the fees and costs of your own respective legal counsel, if any, and any other expenses and costs, such as costs associated with witnesses or obtaining copies of hearing transcripts.

The Company has access to legal advice through its outside lawyers. You may consult with a lawyer or any other adviser of your choice. You are not required, however, to hire a lawyer to participate in arbitration.

The Company will not modify or change the agreement between you and the Company to use final and binding arbitration to resolve employment-related disputes without notifying you and obtaining your consent to such changes, although specific MAP procedures or AAA Rules may be modified from time to time as required by applicable law. Also, the Arbitrator or a court may sever any part of the MAP that does not comport with the Federal Arbitration Act.

## Conclusion

If after reading the above summary of the Company's arbitration policy, you have questions, you should direct them to the Company's President. If you would like to receive or review a copy of the Company's arbitration policy in Spanish, please request a Spanish version. If you would like to receive or review a copy of the AAA Rules in either English or Spanish, please request a copy or visit the website www.adr.org.

The Company is proud of its strong relationship with its employees, and is confident that most problems, disputes and complaints can be handled either by your immediate supervisor or by a higher level of management. The MAP will complement these policies, by allowing you and the Company to resolve any remaining disputes in a quick, private and final manner that benefits all of us.

## EMPLOYEE AGREEMENT TO ARBITRATE

I acknowledge that I have received and reviewed a copy of iStaffing Inc.'s (the "Company")
Mutual Arbitration Policy ("MAP") and have been provided an opportunity to request and review a
Spanish translation as well, and I understand that the MAP is a condition of my employment. I agree that
it is my obligation to make use of the MAP and to submit to final and binding arbitration any and all
claims and disputes, whether they exist now or arise in the future, that are related in any way to my
employment or the termination of my employment with the Company, except as otherwise permitted by
the MAP. I understand that final and binding arbitration will be the sole and exclusive remedy for any
such claim or dispute against the Company or any affiliated companies or entities, and all of their owners,
employees, officers, directors or agents, and that by agreeing to use arbitration to resolve my disputes,
both the Company and I agree to forego any right we each may have had to a jury trial on issues covered
by the MAP, and forego any right to bring claims on a class or collective basis. I also agree that such
arbitration will be conducted before an arbitrator chosen by me and the Company, and will be conducted
under the Federal Arbitration Act and the applicable procedural rules of the American Arbitration
Association ("AAA"), which I have been provided an opportunity to request and review.

I acknowledge that in exchange for my agreement to arbitrate, the Company also agrees to submit
all claims and disputes it may have with me to final and binding arbitration, and the Company further
agrees that if I submit a request for binding arbitration, my maximum out-of-pocket expenses for the
arbitrator and AAA administrative costs will be an amount equal to the local civil court filing fee and the
Company will pay all of the remaining fees and administrative costs of the arbitrator and the AAA. If any
provision of the MAP is found unenforceable, that provision may be severed without affecting this
agreement to arbitrate. I further acknowledge that this mutual obligation to arbitrate may not be modified
or rescinded except by the mutual consent of both me and the Company.

_____          Guadalupe Lopez              3/13/23
Employee Signature                Employee Name (please print)      Date